# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRYAN KEITH RICHARDSON,

        Plaintiff,

v.                                       Civil Action No. 5:18CV58
                                            (Judge Stamp)

UNITED STATES OF AMERICA,
BUREAU OF PRISONS;
ASSOCIATE WARDEN FERGUSON;
MR. WEAVER, Health Service Administrator;
DR. SAVIDGE; AHSA MS. GROVE;
MS. LEHMANN, Primary Care Provider;
ASSOCIATE WARDEN SMITH;
MS. POTTER, Case Coordinator Manager;
WARDEN CHARLES WILLIAMS;

        Defendants.

## ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

This case was initiated by the Plaintiff on April 23, 2018, while he was incarcerated at FCI Coleman in Florida. The complaint was docketed as a <u>Bivens</u> action and raised allegations against various defendants at FCI Gilmer. This case was subsequently consolidated with his FTCA complaint. On April 24, 2018, the Plaintiff was sent a Notice of General Guidelines for Appearing *Pro Se* in Federal Court which informed the Plaintiff that he must keep the Court advised of his most current address at all times. On August 13, 2018, the Plaintiff filed a Notice of Change of Address advising the Court that he had been transferred to FCI Lompoc which located in California. On April 19, 2009, the Plaintiff filed a second change of address which provided an address in Atwater, California in care of B. Crommie.

On May 13, 2019, the United States filed Motion to Dismiss for Failure to Prosecute. After reciting the history of this case, the United States indicated that the BOP released the

Plaintiff to a halfway house in San Francisco on April 29, 2019, and the Plaintiff failed to provide an updated address despite this Court's LR PL P 6 which requires all pro se prisoners to file a Notice with the Clerk of Court and serve that Notice on all other parties within ten days of the change of address. The United States then noted that in the last change of address that the Plaintiff provided to the Court on April 19, 2019, he indicated that mail should be sent to him in care of an individual identified as "B. Crommie"[1] in Atwater, California, which was not his actual physical address.

On May 15, 2019, the United States Magistrate Judge entered an Order directing the Plaintiff to file the mailing address for where he is actually located. The Order was sent by certified mail, return receipt requested to the address in Atwater, California, and service was accepted on May 18, 2019 according to the United States Postal Service website. Ten days later, on May 28, 2019, the Plaintiff filed a notice changing his address to the Reentry Service in San Francisco, California. The envelope was postmarked in San Francisco on May 22, 2019.

On the same date that he filed the change of address to the Reentry Service, the Plaintiff filed a response in opposition to the Defendant's Motion to Dismiss. The Defendant filed a Reply on June 3, 2019, and the Plaintiff filed a sur-response on June 17, 2018. On July 11, 2019, the Plaintiff filed yet another change of address again providing the address in Atwater, California, in care of his mother, B Crommie.

---

[1] The Court eventually became aware that B Crommie is the Plaintiff's mother, and he intended to reside with her after release from the halfway house.

Although the Plaintiff did not adhere to the technical requirements of LR PL P 6, the Court found that dismissal would be unfairly harsh. Therefore the Motion to Dismiss filed by the United States was denied.

On August 29, 2019, the United States filed a Motion to Dismiss the Plaintiff's FTCA Complaint. On substantive grounds. The Motion and supporting memorandum were mailed to the last address the Plaintiff had provided. On September 4, 2019, a Roseboro Notice was issued by the United States Magistrate Judge and mailed to the Plaintiff by certified mail, return receipt requested. Again, the mail was sent to the Plaintiff at the last address he had provided.

By label, dated September 14, 2019, the mail sent by the United States was returned marked "Moved Address Unknown" and was signed by B. Crommie. On September 24, 2019, the Roseboro Notice was also returned stamped "RETURN TO SENDER-REFUSED-UNABLE TO FORWARD." A review of the tracking information available on the USPS website establishes that delivery of the Notice was attempted on September 7, 2018 and could not be made because the addressee was unknown, and the return of the Notice began on September 10, 2019.

Accordingly, it is clear that the Plaintiff's address had changed by September 7, 2019. In addition, the Plaintiff, by virtue of the United States' initial Motion to Dismiss for failure to prosecute has been informed of the requirements of LR PL P 6 and has failed to notify the Court of his current address within ten days.

Accordingly, it is hereby **ORDERED** that the Defendant's second Motion to Dismiss for Lack of Prosecution [ECF No. 71] be **GRANTED,** and this case be **DISMISSED**

3

**WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**. It is further **ORDERED** that the Motion to Dismiss for Failure to State a Claim **[ECF No. 66} be DISMISSED AS MOOT.**

The Clerk is **DIRECTED** retain a copy of this Order to send to the *pro se* Plaintiff in the event that he provides the Court with a new mailing address. The Clerk is further **DIRECTED** to send a copy to counsel of record via electronic means.

DATED: September 30, 2019

*/s / Frederick P. Stamp, Jr.*
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE